

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00090-CR

RICHARD LYNN KEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 52nd District Court
Coryell County, Texas
Trial Court No. 21-26855

Before Morriss, C.J., Stevens and van Cleef, JJ.

ORDER

Richard Lynn Key has appealed from his conviction of the manufacture or delivery of a controlled substance and the resulting fifty-year sentence. On September 14, 2022, the court reporter advised this Court and the parties to this appeal that, due to a malfunction of her stenographic machine, the sentencing hearing was not saved to the SD card or to the machine memory. As a result, the reporter has been unable to produce the sentencing hearing portion of the reporter's record. The court reporter has represented to this Court and to the parties that the sentencing hearing consisted of the trial court's "ruling on guilt/innocence, attorneys' arguments and the Court's ruling on punishment."

After learning that the sentencing portion of the reporter's record was not available for transcription, Key filed a motion to abate this appeal to the trial court for an evidentiary hearing in accordance with Rule 34.6(f) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(f).

Because this case involves issues regarding the existence and extent of a reporter's record, we hereby abate this matter to the trial court to conduct an evidentiary hearing pursuant to Rule 34.6(f) to determine:

(1)     if the appellant has timely requested a reporter's record;

(2)     if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3)     if the lost, destroyed, or inaudible portion of the reporter's record . . . is necessary to the appeal's resolution; and

(4)     if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties . . . .

TEX. R. APP. P. 34.6(f).

We instruct the trial court to conduct an evidentiary hearing within fifteen days of the date of this order and to enter findings regarding the following:

1.     Precisely what portions of the record, if any, are non-existent, lost, destroyed, or inaudible.

2.     For each portion of the reporter's record that is determined to be non-existent, lost, destroyed, or inaudible, if any, the trial court is instructed to take evidence on and enter findings regarding each of the four factors set out in Rule 34.6(f) of the Texas Rules of Appellate Procedure and to enter recommendations regarding whether the appellant is entitled to a new trial as a result of the lost or destroyed exhibit or portion of the record.

3.     We also request that the trial court make any additional findings that it believes will be helpful to this Court in fully and finally resolving all issues related to the record in this matter.

The trial court's findings, as set forth above, shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within ten days of the date of the hearing.  The reporter's record of the hearing and any certified corrections to the reporter's record under Rule 34.6(e)(2) shall be filed in the form of a supplemental reporter's records within ten days of the date of the hearing.  *See* TEX. R. APP. P. 34.6(e)(2).

Our jurisdiction over this case will automatically resume upon our recipt of the supplemental record contemplated by this order. We withdraw Key's current briefing deadline and will establish a new briefing schedule once the case is returned to our jurisdiction.

IT IS SO ORDERED.

BY THE COURT

Date: September 28, 2022